**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

STEVEN J. KADONSKY,            :
                               :  Civil Action No. 06-1019 (AET)
          Plaintiff,           :
                               :
     v.                        :      **OPINION**
                               :
U.S. MARSHALS SERVICE,         :
et al.,                        :
                               :
          Defendants.          :

**APPEARANCES**:

    STEVEN J. KADONSKY, Plaintiff pro se
    #807236B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**THOMPSON**, District Judge

Plaintiff Steven J. Kadonsky ("Kadonsky"), a state prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, at the time he filed his Complaint, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983 for recovery of lost personal property. Plaintiff submitted an application to proceed in forma pauperis with his prison account statements and affidavit of indigency. It appearing that plaintiff qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed unless plaintiff can amend his Complaint to cure certain deficiencies with respect to his exhaustion of administrative remedies as set forth below.

### I.   BACKGROUND

In his Complaint, Kadonsky alleges the defendants[1] took his pair of $308.00 Reebok sneakers and have failed to return them to him or reimburse him for the cost.  In particular, he asserts that, on September 3, 2004, the Federal Bureau of Prisons ("FBOP") placed his sneakers in storage in Oklahoma.  When the U.S. Marshals Service dropped Kadonsky off in New Jersey, his shoes were missing.  (Complaint, ¶ 6).

Kadonsky alleges that he has filed numerous letters and notices of claims to no avail.  (Compl., ¶¶ 4b, 5).  The FBOP responded to his notice of claim, saying it was the fault of the U.S. Marshals Service.  The U.S. Marshals Service has not answered Kadonsky's claims.  (Compl., ¶¶ 4b, 5, 6).  Kadonsky

---

[1] Kadonsky names the following defendants: the U.S. Marshals Service; the Federal Bureau of Prisons, and John Does 1-10.

seeks $308.00, which is the cost of the sneakers, plus the cost of litigation.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

3

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

III. ANALYSIS

Kadonsky brings this action pursuant to 42 U.S.C. § 1983. (Compl., ¶ 1). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Kadonsky's claim for loss of property does not allege a violation of federal statutory or constitutional law. Nor does he assert his loss of property claim against state actors.[2] Thus, he does not state a cognizable claim under § 1983.

---

[2] Kadonsky names federal agencies and officials in his Complaint. Claims against federal officials analogous to § 1983 claims are generally brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Nevertheless, a Bivens action is not applicable here where plaintiff does allege a constitutional deprivation.

Rather than dismiss the Complaint for failure to state a claim under § 1983 or Bivens, the Court will construe the allegations of the Complaint liberally, since plaintiff is proceeding pro se, and assume that he is attempting to allege a federal tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq., for loss of personal property due to the alleged negligence of a federal government agency and employees.

A prisoner may pursue a remedy for deprivation of property due to the negligence or wrongful act of a federal employee under the FTCA.  See 28 U.S.C. §§ 1346(b), 2671-80; 28 C.F.R. §§ 542.10, 543.30.  The person wrongly deprived may present an administrative claim for damages to the appropriate federal agency.  28 U.S.C. § 2672.  If the administrative claim is ultimately denied, or is not disposed of within six months of filing, the claimant may then file suit in the appropriate district court under the FTCA.  28 U.S.C. § 2675(a).

The FTCA gives a district court exclusive jurisdiction over civil actions

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 477 (1994); United States v. Muniz, 374 U.S. 150 (1963).  However, a district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies.  See  28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106 (1993); Deutsch, 67 F.3d at 1091.  Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against
> the United States for money damages . . . unless the
> claimant shall have first presented the claim to the
> appropriate Federal agency and his claim shall have
> been finally denied by the agency in writing and sent
> by certified or registered mail.  The failure of an
> agency to make final disposition of a claim within six
> months after it is filed shall, at the option of the
> claimant any time thereafter, be deemed a final denial
> of the claim for purposes of this section.

Additionally, a tort claim against the United States is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues,[3] and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186,

---

[3]  It appears from the allegations in the Complaint that Kadonsky's loss of property claim accrued on or about September 3, 2004.

7

190 (3d Cir. 1993). The requirements that a claimant timely present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.

Thus, to exhaust administrative remedies before the Bureau of Prisons ("BOP"), a federal inmate must submit his tort claim for a sum certain to the BOP's Regional Office in the region where the claim occurred. 28 C.F.R. § 543.31(b). The Regional Counsel is authorized to deny the claim, propose to the claimant a settlement, or forward the claim with recommendations to the Office of General Counsel. 28 C.F.R. § 543.31(d). The General Counsel is required to consider the merits of a claim that has not been denied or settled by Regional Counsel. 28 C.F.R. § 543.31(e). Agency action is final upon either (1) the denial of a claim by Regional Counsel or General Counsel, or (2) their failure to finally dispose of the claim within six months from the date of filing. 28 C.F.R. § 543.31(f), (g). An inmate must file his FTCA action in the district court within six months of the date that the notice of final denial of the claim is mailed to him by the agency. 28 U.S.C. § 2401(b).

Here, Kadonsky alleges that he has filed letters and notices of claims to the defendants,[4] but that they have not formally

---

[4] With respect to the named defendants, the U.S. Marshals Service, the FBOP, and John Does 1-10 in their official capacities, the Federal Tort Claims Act, through 28 U.S.C. §§

8

responded.  He does not attach any of the notices or letters referred to in his Complaint.  Thus, it is not apparent that his FTCA claim has been administratively exhausted.  Since exhaustion of administrative remedies is a jurisdictional requirement pursuant to 28 U.S.C. § 2675(a), the Court will direct plaintiff to show cause why his Complaint should not be dismissed for lack of jurisdiction for failure to exhaust administrative remedies.  Kadonsky will be allowed to amend his Complaint accordingly within 30 days from the date of entry of this Court's order to show cause.  If plaintiff fails to amend his Complaint to allege specific facts of exhaustion, the Complaint will be dismissed for lack of jurisdiction under 28 U.S.C. § 2675(a).

---

2679 and 1346(b), does not waive the sovereign immunity of the United States or federal agencies for constitutional torts.  See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994).  The only proper defendant in an FTCA claim is the United States.  See 28 U.S.C. § 1346(b)(1).  However, pursuant to the FTCA, the United States shall be substituted for an employee as a defendant in any common law tort action if the employee was acting within the scope of his or her employment.  See 28 U.S.C. § 2679(d)(1).  The Attorney General may file a certification that the defendant employee was acting within the scope of his employment at the time of the alleged incident.  See 28 U.S.C. § 2679(d)(1); see also Melo v. Hafer, 13 F.3d 736, 747 (3d Cir. 1994).  Upon such certification, the action shall be deemed an action against the United States, and the United States shall be substituted as a party defendant.  See id.  Thus, at this stage of the proceedings, the failure to name the United States as a defendant would not be fatal to Kadonsky's FTCA claim.

IV.   CONCLUSION

For the reasons set forth above, the Complaint asserting a § 1983 claim for loss of property must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and 1997e(c), for failure to state a claim.  Moreover, even if this Court were to construe plaintiff's claim as a claim asserted under the FTCA, the Complaint is subject to dismissal for lack of subject matter jurisdiction unless Kadonsky can show that he has exhausted his administrative remedies as required under the FTCA.  Accordingly, the Court will issue an Order directing Kadonsky to supplement his pleading with facts sufficient to state a claim under the FTCA, namely, to provide proof that he has exhausted his administrative remedies pursuant to the FTCA.[5]  An appropriate order follows.

s/Anne E. Thompson
ANNE E. THOMPSON
United States District Judge

Dated: 7/10/06

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.