**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

STEVEN J. KADONSKY,              :
                                 :   Civil Action No. 06-1019 (AET)
            Plaintiff,           :
                                 :
       v.                        :   **OPINION**
                                 :
U.S. MARSHALS SERVICE,           :
et al.,                          :
                                 :
            Defendants.          :

**APPEARANCES:**

    STEVEN J. KADONSKY, Plaintiff <u>pro se</u>
    #807236B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**THOMPSON**, District Judge

    THIS MATTER comes before the Court by way of plaintiff's, Steven J. Kadonsky ("Kadonsky"), civil complaint, amended pursuant to this Court's Order to Show cause, dated July 13, 2006. On July 13, 2006, this Court also granted plaintiff's application to proceed <u>in forma pauperis</u>, and dismissed plaintiff's claims under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging deprivation of personal property, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and 1997e(c), for failure to state a claim. The Court allowed Kadonsky to amend his complaint to plead facts sufficient to state a claim under the Federal Tort

Claims Act ("FTCA"), namely, to provide proof that he has exhausted his administrative remedies pursuant to the FTCA.

Kadonsky submitted his amended complaint to the Court, on or about August 28, 2006. Having reviewed the amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that the Complaint should proceed in part.

## I.   BACKGROUND

In his amended Complaint, Kadonsky incorporates the allegations set forth in his original Complaint, namely, alleging that the defendants[1] took his pair of $308.00 Reebok sneakers and have failed to return them to him or reimburse him for the cost. In particular, he asserts that, on September 3, 2004, the Federal Bureau of Prisons ("FBOP") placed his sneakers in storage in Oklahoma. When the U.S. Marshals Service dropped Kadonsky off in New Jersey, his shoes were missing.

Kadonsky states that he filed a notice of claim, on February 22, 2005, with the Federal Bureau of Prisons (FBOP) and with the

---

[1] Kadonsky names the following defendants: the U.S. Marshals Service; the Federal Bureau of Prisons, and John Does 1-10. In his amended Complaint, Kadonsky adds the United States of America as a defendant pursuant to his federal tort claim.

2

U.S. Marshal's Service. He attaches these claim notices to his amended Complaint. (Am. Compl., ¶¶ 7, 8, Exs. 1, 2, 13 & 14). On April 21, 2005, Kadonsky received an acknowledgment letter from Michael D. Hood, Regional Counsel for the FBOP, stating that Kadonsky's claim was forwarded to the Southeast Regional office. (Am. Compl., ¶ 9, Ex. 4).

On August 28, 2005, Kadonsky received a letter from Lisa M. Sunderman, Regional Counsel, FBOP South Central Regional Office. Ms. Sunderman informed Kadonsky that the records showed that his sneakers were placed in the possession of the U.S. Marshal's Service and that there is no record that the personal property was delivered to the FBOP facility where plaintiff was transferred. Accordingly, Ms. Sunderman denied plaintiff's claim, suggesting that he file a claim with the U.S. Marshal's Service to the attention of Gerald M. Auerbach, General Counsel. The letter indicated that plaintiff had six months within which to file an action in court. (Am. Compl., ¶ 11, Exs. 10-11).

That same day, August 28, 2005, Kadonsky immediately sent a claim letter to Mr. Auerbach, but has not received any response. Kadonsky filed his original Complaint in this matter on February 28, 2006,[2] within six months after the notice of denial of claim by the FBOP.

---

[2] The Court actually received the Complaint on March 7, 2006.

Kadonsky asserts a claim against the United States under the Federal Tort Claims Act, and seeks to recover $458.00 and costs with respect to his missing sneakers. Kadonsky also reiterates his claim, dismissed by this Court in its July 11, 2006 opinion and July 13, 2006 Order, asserting that he was denied due process when his property was lost. Finally, Kadonsky asserts that the defendants illegally took his property, and has done so on numerous occasions with respect to other inmates, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. He seeks treble damages under RICO, in addition to compensatory damages for the loss of sneakers. Kadonsky also asks that Ms. Sunderman and Mr. Auerbach be chastised.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton

v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

### III.  ANALYSIS

A.  Due Process Claim

   Kadonsky attempts to renew his claim of constitutional deprivation, which this Court dismissed in its July 11, Opinion and July 13, Order.  An inmate may be able to establish an unconstitutional deprivation of property by showing confiscation of materials either in retaliation for the exercise of constitutional rights or where, as a result, there was a denial of access to the courts.  See Hodgin v. Agents of Montgomery County, 619 F. Supp. 1550, 1553-54 (E.D. Pa. 1985).  Absent proof of retaliation or denial of access, which have not been alleged in this action, Kadonsky must demonstrate that the loss of personal property amounted to a violation of procedural due process.  Here, there was no absence of procedural due process.

Kadonsky had available to him a post-deprivation remedy satisfying minimum procedural due process requirements, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq. It appears that he attempted to exhaust his remedies under the FTCA, and is now pursuing his claim, which was denied, in federal court accordingly. Therefore, Kadonsky fails to state a denial of due process claim, and such claim will be dismissed from this action.

B. RICO Claim

Next, Kadonsky raises for the first time, a bald RICO claim, alleging that the actions by defendants, in depriving plaintiff and other inmates of their personal property without recompense, violates § 1961 of the RICO Act.[3] The amended Complaint wholly fails to identify an enterprise, or any particular acts of alleged racketeering necessary to support a civil RICO claim. Nor does Kadonsky allege any pattern of racketeering activity. Thus, the amended Complaint is completely devoid of any particularized factual allegations necessary to support the statutory requirements of a RICO claim. Accordingly, because Kadonsky does not assert the necessary elements of a civil RICO claim or any factual or legal basis to raise a viable claim under

---

[3] Section 1961 sets forth the definition of terms under the RICO Act. Kadonsky does not articulate a cause of action under RICO or any of its provisions.

7

the RICO statute, this claim will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C. Federal Tort Claim

Finally, as this Court observed in its July 11, 2006 Opinion, Kadonsky may pursue a remedy for deprivation of property due to the negligence or wrongful act of a federal employee under the FTCA, see 28 U.S.C. §§ 1346(b), 2671-80; 28 C.F.R. §§ 542.10, 543.30, if he files an administrative claim for damages to the appropriate federal agency. 28 U.S.C. § 2672. Then if the administrative claim is ultimately denied, or is not disposed of within six months of filing, Kadonsky may then file suit in the appropriate district court under the FTCA. 28 U.S.C. § 2675(a).

Kadonsky has demonstrated that he filed a notice of claim promptly, and that he filed this action within six months after the FBOP denied his claim on August 28, 2005. The US Marshal's Service failed to make a final determination of Kadonsky's claim submitted to them on several occasions within the two-year statutory time period. See 28 U.S.C. §§ 2401(b), 2675(a).

Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the

8

      claimant any time thereafter, be deemed a final denial
of the claim for purposes of this section.

Therefore, it appears that Kadonsky's FTCA claim may be timely and exhausted. It remains to be determined whether Kadonsky can prove staff negligence in the loss of his sneakers. However, based on the complaint as written, it appears that Kadonsky has pleaded facts sufficient for this FTCA claim to avoid dismissal at this preliminary stage of the litigation. Accordingly, the Court will allow the FTCA claim to proceed.

### IV.  CONCLUSION

For the reasons set forth above, the claims asserting denial of due process and violation of the RICO Act, will be dismissed, as against all defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and 1997e(c), for failure to state a claim. However, plaintiff's FTCA claim will be allowed to proceed at this time, as against the defendant, the United States, newly added in the amended Complaint. An appropriate order follows.

                                                         /s/ Anne E. Thompson
                                                    ANNE E. THOMPSON
                                                   United States District Judge

Dated: 09/19/06